Leo Fox, Esq.
*Attorney for the Debtor*
630 Third Avenue - 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                    Chapter 11

ONE AND ONE HOLDINGS LLC                                  Case No. 22-10400 (JLG)

                                Debtor.
-------------------------------------------------------------X

## NOTICE OF MOTION

*SIRS:*

**PLEASE TAKE NOTICE** that upon the annexed Application of the above Debtor, the undersigned shall move on November 22, 2022 at 10:00 o'clock in the forenoon before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, United States Bankruptcy Court, Old Customs House, One Bowling Green, New York, New York 10004 for an Order authorizing the Sale Procedures for the Sale of the Debtor's Real Property and grant such other and further relief.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will take place by Court Solutions Appearances. Parties seeking permission to participate telephonically must send a written request by email to Garrity.chambers@nysb.uscourts.gov (link sends e-mail) at least two business days prior to the hearing, and should be prepared to provide the following information: Name of party

that the attorney is representing, the motion on which the attorney intends to argue, and the reason that a telephonic appearance is necessary.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief sought shall be, in writing, and served and filed seven (7) business days prior to the return date, and served so as to be received on or before such date by Leo Fox, Esq., counsel to the Debtor, 630 Third Avenue, 18th Floor, New York, New York 10017, United States Trustee's Office, 201 Varick Street, New York, New York 10014, together with proof of service thereof, and (iii) filed with the Court electronically with a courtesy copy delivered to the Chambers of the Honorable James L. Garrity, Jr.

Dated: New York, New York
       October 24, 2019

Respectfully submitted,

**ONE AND ONE HOLDINGS LLC**
**Debtor**

By:    /s/ Leo Fox
       Leo Fox, Esq.
       *Attorney for the Debtor*
       630 Third Avenue – 18th Floor
       New York, New York 10017
       (212) 867-9595
       leo@leofoxlaw.com

2

Leo Fox, Esq.
*Attorney for the Debtor*
630 Third Avenue - 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

ONE AND ONE HOLDINGS LLC

Debtor.
-------------------------------------------------------------X

Chapter 11
Case No. 22-10400 (JLG)

**MOTION FOR ORDER APPROVING SALE PROCEDURES
INCLUDING TERMS AND CONDITIONS OF SALE UNDER
BANKRUPTCY CODE SECTION 363 FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

TO:    HONORABLE JAMES L. GARRITY, JR.
       UNITED STATES BANKRUPTCY JUDGE

The Application of the above Debtor, by Leo Fox, Esq., its attorney, in support of its

Motion for an Order (*Exhibit A*) to authorize the Sale Procedures for the Sale of the Debtor's Real

Property located at 422 East 161st Street, Bronx, New York (the "*Real Property*") free and clear,

with liens, claims and encumbrances to attach to the proceeds and approving in form the Terms

and Conditions of Sale for the Real Property (collectively annexed as *Exhibit B*).

**SUMMARY OF MOTION**

1.     The Debtor has determined to undertake the sale of the Debtor's Real Property

through Maltz Auctions, Inc. ("*Maltz Auctions*"), experienced bankruptcy brokers and auctioneers,

under the Marketing and Exclusive Sales Agreement with Maltz in order to expeditiously and

3

efficiently sell the Real Property at the best possible price. The Debtor has submitted a separate application to retain Maltz, which was granted by this Court on July 25, 2022. The Debtor seeks the approval for the Terms and Conditions of the Sale to be entered by this Court. On information and belief, the Mortgagee has no objection to the Sales Procedures or Sales Order submitted herewith.

## JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction over this matter under 28 U.S.C. § 157(a), (b)(1), and 1334(b). Consideration of this Motion is a core proceeding under 28 U.S.C. § 157 (b) (2) (A), (M), and (O). The statutory provisions governing the relief requested in this Motion are: 11 U.S.C. § 105(a), 363 (b)(1), 363(f)(2), and Fed. R. Bankr. P. 2002 and 6004.

3.      Venue of this case and the Motion in this district is proper under 28 U.S.C. §1408.

## BACKGROUND

4.      On March 30, 2022 (the "*Petition Date*"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Pursuant to Stipulation and Order dated July 29, 2022 the pre-petition Receiver operates the Real Property. No trustee, examiner or creditors committee has been appointed in the Debtor's case.

5.      The Mortgagee, Fannie Mae ("*Fannie Mae*"), holds a claim in excess of the amount of $2,500,000 (approximate).

## RELIEF SOUGHT

6.      This Court has previously entered an Order authorizing Maltz Auctions to be retained to proceed by auction to sell the Real Property, after a hearing on notice to creditors and with the active participation of the Mortgagee. The Debtor seeks entry of the within Order at the

request of Maltz.  The proposed Order within provides for entry of an Order authorizing the Bid Conditions for the sale of the Debtor's Real Property free clear with liens, claims and encumbrances to attach to the proceeds approving the terms and conditions of sale at the auction.

## SALE OF THE REAL PROPERTY ASSET IS IN THE BEST INTERESTS OF THE DEBTOR'S ESTATE

7.    11 U.S.C.  § 363(b)(1) provides that "[t]he Trustee, after notice and a hearing may use, sell or lease, other than in the ordinary course of business, property of the estate".  The standard for whether a sale of property should be approved is the Debtor's business judgment, taking into account (1) maximization of the value of the estate property and (2) avoidance of undue risk.  See *Comm. of Equity Sec. Holders v. Lionel Corp. (In re: Lionel Corp.)*, 722 F.2d 1063, 1071 (2d. Cir. 1983) (a Court determining a 363(b) application must expressly find from the evidence presented before him at the hearing a good business reason to grant the application); *In Re: Bakalis*, 220 B.R. 525, 532 (E.D.N.Y. 1998) ("[a] duty is imposed upon the trustee to maximize the value obtained from a sale, particularly in liquidation cases...A trustee must also seek to avoid undue risk, particularly when dealing with money of the estate").

8.    The Stipulations previously filed all suggest that a sale under § 363 should take place.  The Motion to approve the Stipulation and Order dated October 12, 2022, between the Debtor and the Mortgagee, which is scheduled for presentment on October 24, 2022, sets out a procedure for a § 363 sale and dismissal of the case after payments, as referred to in the Stipulation and Order, are made.

9.    The Debtor believes that an experienced auctioneer, such as Maltz Auctions, will be able to market and sell the property at a fair price using the Terms and Conditions of sale as

5

requested.

## SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES IS APPROPRIATE

10.     The proposed Sales Procedure Order (*Exhibit A*) and The Terms and Conditions of Sale (*Exhibit B*) provide for a sale pursuant to the terms of the bidding and the Closing free and clear of liens, claims encumbrances, and other interests, subject to any and all easements, covenants, and conditions recorded against the Real Property (attached herein).

11.     The terms and conditions of sale provide for offerors to put down a deposit, commit to the terms and conditions, provide for initial bid, bid increments, the establishment of an ability to close, commissions to Maltz Auctions, agree to **AS IS** conditions and an expedited closing among the material terms.  The Terms and Conditions provide for the successful bidder to be entitled to certain protections.

## CONCLUSION

12.     For the foregoing reasons, the Debtor respectfully requests that the relief requested in this Motion be granted.

13.     The Debtor has made no previous request for the relief sought in this Motion to this or any other Court.

14.     Because the Motion does not present a novel issue of law and discusses the statutory and other authorities that permit the relief requested, the Debtor requests that this Court waive and dispense with any requirement that any Motion filed shall have an accompanying memorandum of law.

6

*WHEREFORE*, the Debtor respectfully requests that the Court enter the annexed Order approving the Sales Procedures and Terms and Conditions of Sale and further relief as is just and proper.

Dated: New York, New York
      October 24, 2022

                                                  Yours etc.,

                                                  **ONE AND ONE HOLDINGS LLC**
                                                  *Debtor*

                                                  */s/ Leo Fox*
                                                  Leo Fox, Esq.
                                                  *Attorney for Debtor*
                                                  630 Third Avenue – 18th Floor
                                                  New York, New York 10017
                                                  (212) 867-9595
                                                  leo@leofoxlaw.com

# *EXHIBIT A*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re                                                                 Chapter 11

ONE AND ONE HOLDINGS LLC,                          Case No. 22-10400 (JLG)

                                        Debtor.
------------------------------------------------------------------X

### ORDER APPROVING THE DEBTOR'S APPLICATION FOR
### BID PROCEDURES FOR THE SALE OF REAL PROPERTY LOCATED AT
### 422 EAST 161ST STREET, BRONX, NEW YORK 10451 FREE AND CLEAR OF ALL
### LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Upon the Motion (the "*Motion*") (ECF # __) of One and One Holdings LLC,  (the

"*Debtor*"), by its attorney, Leo Fox, Esq., pursuant to Sections 105, 363(b), (f) and (m) of the

Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9007 seeking entry of an order (i)

establishing bidding procedures (the "*Bidding Procedures*"), (ii) the form and manner of notice

of sale, (iii) for and manner of Sale Procedures and authorizing the sale of the Real Property

located at 422 East 161st Street, Bronx, New York 10451 (the "*Real Property*") free and clear of

all liens, claims, encumbrances and other interests, (iv) granting the successful bidder good faith

status, (v) waiving a stay of a sale order and granting such other and further relief as is

appropriate; and it appearing that notice of the Motion was duly served on interested parties in

accordance with applicable rules as reflected in the affirmation of service filed (ECF # __); and

it further appearing that a hearing was held before the Court on the merits of the Motion on

November 22, 2022; and it further appearing that the Debtor was present at the hearing and

appeared through counsel, the United States Trustee appeared through counsel, the Mortgagee,

Fannie Mae, appeared through counsel and good cause appearing therefore, it is hereby

*FOUND AND DETERMINED AS FOLLOWS:*

A.      The Court has jurisdiction over this matter and over the property of the Debtor

and the bankruptcy estate pursuant to 28 U.S.C. § 1334 and § 157(a).

B.      This is a core proceeding to 28 U.S.C. § 1334 and § 157(b)(2)(A), (N) and (O).

C.      Good and sufficient notice of the relief sought in the Motion has been given and

no further notice is required.  A reasonable opportunity to object or be heard regarding the relief

requested in the Motion (including, without limitation, with respect to the proposed Bidding

Procedures) has been afforded to all interested persons and entities including, but not limited to:

> (i)      the Office of the United States Trustee; (ii) all parties that have filed a
> notice of appearance and demand for service of papers in this bankruptcy case under
> Bankruptcy Rule 2002; (iii) the twenty largest creditors; and the (iv) governmental
> entities of New York City which may have an interest in the Real Property.

D.      The Debtor has articulated good and sufficient reasons for approving (i) the

Bidding Procedures, and (ii) the form and manner of notice of the Motion as it relates to the Sale.

E.      The Debtor has articulated good and sufficient reasons for scheduling the Sale

Hearing.

F.      The Bid Procedures were proposed in good faith and are fair and reasonable.

*IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:*

1.      Any and all objections to the entry of this Order have been resolved, withdrawn,

or overruled.

2.      Debtor is authorized to conduct an Auction for the sale of the Property in

accordance with the Bidding Procedures.

3.      The Bidding Procedures annexed to this Order as Exhibit "A" are hereby

approved.

4.      A hearing shall be held before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, on November 22, 2022, at 10:00 AM Eastern Time in his Courtroom, Room 723 of the United States Bankruptcy Court for the Southern District of New York, Old Customs House, One Bowling Green, New York, New York 10004 on _____, 2022 at _:___ M or as soon thereafter as counsel may be heard (the "*Sale Hearing*"), subject to the availability of the Court, to confirm the results of the Auction sale, authorize the sale of the Property, based upon the results of the Auction, and to grant such other related relief as may be deemed necessary or proper by the Court.

5.      The successful bidder at the Auction shall be afforded good faith status.

6.      The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

7.      Objections to the relief to be considered at the Sale Hearing shall be filed by December 13, 2019 at 5:00 p.m. with the Bankruptcy Court at the Court's website https://ecf.nyeb.uscourts.gov/cgi-bin/login.pl (password and login required), with a copy delivered directly to Chambers and served upon: (a) counsel to the Debtor; (b) counsel to any Purchaser; (d) the Office of the United States Trustee; and (e) Parties filing a Notices of Appearance.

8.      The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

9.      Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), this Bidding Procedures Order shall be effective upon entry.

3

10.    Debtor shall serve this Order along with the Bidding Procedures upon (i) the Office of the U.S. Trustee, (ii) all taxing authorities, (iii) all creditors who filed claims against the Debtor, (iv) creditors listed by the Debtor on its Schedules as holding unliquidated, undisputed and non-contingent claims, (v) any potential buyers known by the Debtor, (vi) Maltz Auctions and (viii) Parties filing Notices of Appearance on or within 3 days of entry.

Dated: New York, New York
         November   , 2022


_____
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge

# *EXHIBIT B*

## TERMS AND CONDITIONS OF SALE

1.      On March 30, 2022, One and One Holdings LLC, the debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), commencing case number 22-10400 (JLG).  To date, no committee, trustee, or examiner has been appointed, and the Debtor continues to operate and manage its business and property as a debtor-in-possession under Bankruptcy Code §§ 1107(a) and 1108.

2.      These Terms and Conditions of Sale (these "Terms of Sale") are being promulgated in connection with the public sale (the "Public Sale") by the Debtor of the Debtor's Estate's right, title and interest in and to the commercial real property located at 422 East 161st Street, Bronx, New York 10451, and known as County: Bronx, Block: 2382, Lot: 14 (collectively, the "Real Property").

3.      The Debtor is represented by The Law Office of Leo Fox, Esq. ("Attorney" or "Escrow Agent"), with offices at 630 Third Avenue – 18th Floor, New York, NY 10017.

4.      The Public Sale is being conducted pursuant to section 363(b) and (f) of the Bankruptcy Code, and shall be held online-only from _____, 2022 at 1:00 p.m. through _____, 2022 at 1:00 p.m. (the "Auction Date").  Online bidding will be made available for pre-registered bidders via the online bidding App of Maltz Auctions, Inc., d/b/a Maltz Auctions (the "Broker"), available for download in the App Store or on Google play, and via desktop bidding at RemoteBidding.MaltzAuctions.com.  Bidding is scheduled to close at 1:00 pm EST on _____, 2022.  However, if a bid is placed with less than one minute remaining, the bidding period will be extended so one minute remains for competing bids to be entered.  This extension will continue until there are no higher bids placed within the final one minute prior to the close of the Public Sale.

5.      In order to be permitted to bid on the Real Property, prior to the commencement of the Public Sale, each prospective bidder must deliver to the Broker (Maltz Auctions), by wire transfer, certified check or bank check, the sum of One Hundred Thousand Dollars ($100,000.00) (the "Qualifying Deposit") payable to "Leo Fox, Esq., as Attorney", which amount shall serve as a partial good faith deposit against payment of the purchase price, which shall be equal to the successful bid submitted at the Public Sale, by such competing bidder as Maltz, after consultation with the Debtor and the Attorney, determines to have made the highest or best bid for the Real Property (the "Successful Bidder").

6.      The Public Sale of the Real Property will be subject to a buyer's premium (the "Buyer's Premium") in the amount of six percent (6%) of the gross sale price of the Real Property, except that in the event that the Real Property is sold to Fannie Mae (or any designee or assignee of Fannie Mae, any affiliate of Fannie Mae, any entity created by Fannie Mae, or in which Fannie Mae holds or owns any interest), and not an unrelated third party ("Lender Bid"), Maltz shall receive a reduced Buyer's Premium of two percent (2%), of the amount of the successful Lender Bid. The Buyer's Premium shall be added to the final sale price and payable by the Successful

Bidder(s) of the Real Property, and the Estate shall not be responsible to pay any portion of the Buyer's Premium.

7. Within 48 hours after conclusion of the Public Sale ("Deadline"), the Successful Bidder shall deliver to the Attorney by wire transfer, certified check, or bank check payable to "Leo Fox, Esq., as Attorney", an amount equal to 10% of the Purchase Price, less the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit"), plus the Buyer's Premium, **TIME BEING OF THE ESSENCE as to the Successful Bidder.**

8. The Buyer's Premium shall be deemed to have been earned immediately upon the fall of the hammer and is due within forty-eight (48) hours after conclusion of the Public Sale, **TIME BEING OF THE ESSENCE.** Failure of the Successful Bidder to tender the ten (10%) percent Deposit of the Purchase Price at auction and the applicable Buyer's Premium within forty-eight (48) hours after conclusion of the Public Sale shall result in an immediate default under these Terms of Sale and the Memorandum of Sale, and shall result in the forfeiture of all earnest monies paid, including the Buyer's Premium.

**9.** If the Successful Bidder fails to post the total required ten (10%) percent Deposit and required Buyer's Premium within 48 hours following the Public Sale, then, within three (3) business days of Successful Bidder's Default, the Second Highest Bidder shall be the new Successful Purchaser (the "New Successful Purchaser"). The New Successful Purchaser shall not receive credit for any Deposit and/or Buyer's Premium forfeited by the initial Successful Bidder and shall post the ten (10%) percent Deposit and the required Buyer's Premium within three business days following email notification to the New Successful Purchaser's attorney and the New Successful Purchaser of Successful Bidder's Default, **TIME BEING OF THE ESSENCE AS TO THE NEW SUCCESSFUL PURCHASER.**

10. The Successful Bidder and the competing Bidder who Maltz, after consultation with the Debtor and the Attorney, determines to have made the second highest or best bid for the Real Property (the "Second Highest Bidder") must execute, and thereby agree to be bound by (i) these Terms of Sale, and (ii) a Memorandum of Sale. At the conclusion of the Public Sale, the Broker will return the Qualifying Deposits to all other bidders, except to the Successful Bidder and the Second Highest Bidder. The Second Highest Bidder's Qualifying Deposit shall be returned within three (3) business days from the date the Attorney receives the full Deposit plus the Buyer's Premium from the Successful Bidder.

11. The Deposit shall be held in escrow by Leo Fox, Esq., as Attorney, in an IOLA account. The interest for tax purposes will be charged to the Successful Bidder and/or the New Successful Purchaser, as the case may be, who agrees to complete and supply Leo Fox, Esq., as Attorney, with its execution copy hereof, an original W9 form. The interest shall be credited towards the purchase price.

12. Fannie Mae. shall have the right to credit bid within the meaning of section 363(k) of the Bankruptcy Code all or a portion of the amount owed to Fannie Mae pursuant to its Allowed Secured Claim as filed with the Bankruptcy Court and as may be amended from time to time. Fannie Mae shall not be required to provide the Qualifying Deposit, the Deposit, or the W9 form

required under paragraph 11 above. If Fannie Mae is the Successful Bidder or becomes the New Successful Purchaser, the reduced Buyer's Premium due from Fannie Mae shall be due at the closing of the transaction contemplated by these Terms of Sale (the "Closing"), rather than at the time provided for above. Fannie Mae shall also be required to pay at the Closing, (i) the reduced Buyer's Premium to Maltz under its Lender Bid, and (ii) to the Debtor at the Closing, (A) all fees, costs and charges, incurred or due to be paid in connection with the Closing, and (B) the Carve-Out Sums (inclusive of projected U.S. Trustee fees from the Sale of the Real Property) as defined in a certain stipulation between the Debtor and Fannie Mae which is being reduced to writing as of this time.

13.     The Closing shall take place at The Law Office of Leo Fox, Esq., Attorney for the Debtor, 630 Third Avenue, 18th Floor, New York, New York 10017, commencing at 11:00 a.m. (EST) on a date to be determined by the Attorney, by email, or by another location as agreed upon by Attorney. The Closing shall occur within thirty (30) days from the entry of the Sale Order (as defined in ¶18 below), **TIME BEING OF THE ESSENCE as to the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be,** although the Closing Date may be extended solely by the Debtor or its Attorney at their option and discretion.

14.     The Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, shall be obligated to close title to the Real Property. There are no contingencies of any kind or nature that will permit the Successful Bidder, the Second Highest Bidder, Fannie Mae, as the case may be, or any other qualifying bidder, to cancel or avoid their obligation under these Terms of Sale, other than the ability to deliver insurable title. In the event that the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, fails to close title to the Real Property for any reason whatsoever, including failure to tender the entire Purchase Price at the Closing, the Successful Bidder shall irrevocably forfeit (a) the Deposit to the Debtor's Estate, (b) the Buyer's premium to Maltz and (c) the right to obtain title to the Real Property. In the event that (a) the Debtor is unable to deliver the Real Property in a manner consistent with these Terms of Sale, or (b) the Court fails to enter the Sale Order (as defined in ¶18 below), the Deposit will not be forfeited, and the Deposit shall be returned to the Successful Bidder or the Second Highest Bidder, as the case may be, promptly, without interest. In the event that the Debtor fails to close, it is acknowledged that return of the Deposit is the Debtor's only obligation hereunder, and the Successful Bidder, the Second Highest Bidder, and/or Fannie Mae, will have no other or further recourse of any kind or nature against the Debtor's retained professionals, the Debtor or the Debtor's Estate. As stated above, __Time is of the Essence against the Successful Bidder, the Second Highest Bidder, and/or Fannie Mae, as the case may be.__

15.     The Successful Bidder, the Second Highest Bidder, and Fannie Mae, as the case may be, further acknowledges that it will be responsible for the completion of any forms, if required, to effectuate the transfer of the Real Property, and shall pay any and all costs and expenses in connection with the Closing related to obtaining a survey; fee title or mortgage insurance; title company endorsement, search and escrow charges; environmental, engineering or other Real Property inspections; reports and other costs of Real Property due diligence; and County, State, or other real property transfer, deed or documentary tax, flip tax, or other taxes imposed upon the sale due in connection with the transfer of the Real Property from the Debtor at Closing.

16.    The Successful Bidder, the Second Highest Bidder, and Fannie Mae, acknowledge that they will be responsible for the completion of any ACRIS forms, if required.  The Debtor shall not be required to execute any form of title affidavit (but may do so in its sole and absolute discretion) and all title exceptions customarily omitted from a title policy on account of such title affidavit shall be deemed permitted exceptions.  The Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, acknowledges that it will be responsible for the preparation of all Closing documents required including, but not limited to, transfer tax forms.

17.    The Successful Bidder, the Second Highest Bidder, and Fannie Mae, as the case may be, shall have demonstrated, to the sole satisfaction of the Debtor, Attorney or the Court, as the case may be, evidence of its ability to conclude the transaction upon these Terms of Sale, without delay.  The Debtor or the Attorney reserves the right to reject any offeror, who in the sole discretion of the Debtor or the Attorney is not financially capable of consummating the purchase of the Real Property.  **Expenses incurred by the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, or any other competing bidder concerning any due diligence, such as obtaining title reports and other due diligence information, shall be the sole responsibility of such bidder, and under no circumstances shall the Debtor, the Attorney, the Broker or any of the Debtor's other retained professionals, or the Debtor's Estate be responsible for, or pay, such expenses.**

18.    The Debtor or Attorney shall seek an order of the Bankruptcy Court (the "Sale Order") prior to the Closing authorizing the Sale.  The Debtor or Attorney may but need not seek a further Order of the Bankruptcy Court to confirm the result of the Public Sale of the Real Property to the Successful Bidder, the Second Highest Bidder, or Fannie Mae.

19.    In the event that the Successful Bidder for the Real Property fails to tender the payment of the balance of the Purchase Price on or before the Closing Date, or otherwise perform any of its obligations under these Terms of Sale, the Debtor or Attorney, at their sole option and discretion, shall be authorized to sell the Real Property to the Second Highest Bidder, without any further notice, and without giving the Second Highest Bidder credit for the Deposit, plus the Buyer's Premium, forfeited by the Successful Bidder, and upon such other terms and conditions as the Debtor or Attorney deems appropriate.  Should the Second Highest Bidder fail to close on the Real Property, within such time as the parties may agree but not to exceed thirty (30) days after notice from the Debtor or Attorney to the Second Highest Bidder of its obligations to Close, the Debtor or Attorney shall be authorized to sell the Real Property to the next highest or best bidder at the Public Sale, without the necessity of any other or further notice.  All bidders who execute a copy of these Terms of Sale shall be bound to all terms and conditions contained herein.

20.    The Real Property is being sold **"AS IS", "WHERE IS", "WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of any and all liens, claims, encumbrances, and other interests in the Real Property other than the interest held by the Debtor, or any adverse claims to title, of whatever kind or nature, and the Sale is subject to, among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable

4

municipal regulations and violations thereof; all leases, approvals for ownership, and/or occupancies, if any, as may exist or encumber the Real Property or any portion(s) thereof; and (f) environmental conditions.   By delivering their respective Qualifying Deposits, all bidders acknowledge that they have had the opportunity to review and inspect the Real Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Real Property in making their bids. Neither the Debtor, nor the Attorney, the Broker, nor any of the Debtor's other retained professionals make any representations or warrantees, express or implied, with respect to the permissible uses of the Real Property.   All bidders acknowledge that they have conducted their own due diligence in connection with the Real Property and are not relying on any information provided by the Debtor, Attorney, or the Debtor's other retained professionals.   **The Real Property shall be delivered subject to any and all leases and occupancies at the time of closing.**

21.     Each bidder hereby expressly agrees and acknowledges that neither the Debtor, nor the Attorney, the Broker, or any of the Debtor's other retained professionals has made any representations or warranties, express or implied, nor is such bidder relying on any statements or information provided by the Debtor, the Attorney, the Broker, or  any of the Debtor's other retained professionals, including, but not limited to any representations, warranties, statements or information as to the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Real Property or this Public Sale, which might be pertinent to the purchase of the Real Property, including, without limitation, (i) the current or future real estate or other tax liability, assessment or valuation of the Real Property or transfer thereof; (ii) the potential qualification of the Real Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Real Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (iv) the current or future use of the Real Property; (v) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; and (vi) whether any and all documents in the Debtor's  possession that relate to the Loans are original documents with wet ink signatures. The Debtor is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Real Property, made or furnished by the Debtor or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Debtor unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Attorney.

22.     The Debtor shall convey the Real Property by delivery of a quit claim deed.  The quality of title shall be that which a reputable title insurance company doing business in the State of New York is willing to approve and insure.  At the Attorney's option, it may arrange for the issuance of title insurance by such a company, if the Successful Bidder, the Second Highest Bidder, and/or Fannie Mae. is unable to so, at the sole cost and expense of the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be.

23. At Closing, the Deposit shall be disbursed by Leo Fox, Esq., as attorney, in accordance with these Terms and Conditions of Sale, to the Debtor or as otherwise ordered by the Bankruptcy Court. Any interest earned on the Deposit shall be paid together with the principal portion of the Deposit, it being understood and agreed that any interest earned on the Deposit shall be credited to the Purchase Price upon the Closing.

24. Escrow Agent is acting hereunder without charge as an accommodation to Buyer and the Debtor, it being understood and agreed that Escrow Agent shall not be liable for any error in judgment or any act done or omitted by it in good faith or pursuant to court order, or for any mistake of fact or law. Escrow Agent shall not incur any liability in acting upon any document or instrument believed thereby to be genuine. Escrow Agent is hereby released and exculpated from all liability hereunder, except only for willful misconduct or gross negligence. Escrow Agent may assume that any person purporting to give it any notice on behalf of any party has been authorized to do so. Escrow Agent shall not be liable for, and Buyer and the Debtor hereby jointly and severally agree to indemnify Escrow Agent against, any loss, liability or expense, including reasonable attorney's fees (either paid to retained attorneys or representing the fair value of legal services rendered by Escrow Agent to itself), arising out of any dispute under this Agreement, including the cost and expense of defending itself against any claim arising hereunder.

25. The Attorney, the Broker, the Debtor's other retained professionals, the Debtor, and the Debtor's Estate shall not be liable or responsible under any circumstances for the payment of fees of any broker or other agent. The only commissions that the Debtor's Estate may be liable for are those of the Broker, which has been retained pursuant to an Order of the Bankruptcy Court, under the terms of the Bankruptcy Court's Order authorizing the retention of the Broker and any other Court Order providing for payment.

26. The only commission that will be paid is to the Licensed Real Estate Broker, who registers the Successful Bidder in accordance with the Broker Participation Form and has received confirmation of receipt and acknowledgement of valid registration by Maltz.

27. Nothing contained in these Terms of Sale is intended to supersede or alter any provisions of the Bankruptcy Code, or otherwise interfere with the jurisdiction of the Bankruptcy Court. These Terms of Sale are subject to modification as may be directed by the Attorney or by the Bankruptcy Court. The Attorney reserves the right to modify these Terms of Sale, subject to the foregoing, to maintain consistency with the provisions of the Bankruptcy Code and/or Orders of the Bankruptcy Court.

28. By tendering the Deposit and executing these Terms of Sale, all bidders acknowledge that they have read all of the terms and conditions contained herein, and have agreed to be bound by the same. Moreover, all bidders who execute these Terms of Sale warrant and represent that they have the full power and authority to execute and deliver these Terms of Sale and to perform the obligations hereunder. These Terms of Sale constitute a valid and legally binding obligation of the bidder who executes them and is enforceable upon such bidder in accordance with these Terms of Sale.

29. These Terms of Sale shall be binding upon, and inure to the benefit of the Parties

hereto, and their respective successors, designees and/or permitted assigns. No Party hereto may assign either these Terms of Sale or any of the rights, interests or liabilities hereunder without the prior written approval of the other Party.

30.     Each of any bidder who tenders a Qualifying Deposit and the Debtor will bear its own costs and expenses (including legal fees and expenses) incurred in connection with these Terms of Sale and the transaction contemplated hereby.

31.     By making a bid for the Real Property, all bidders will be deemed to have acknowledged having read and understood these Terms and Conditions of Sale and have agreed to be bound by them.

32.     If the Debtor is unable to deliver the Real Property in accordance with these Terms of Sale for any reason whatsoever, its only obligation will be to refund the Deposit and the Buyer's Premium, without interest, costs, fees or other charge of any kind or nature, to the Successful Bidder or the Second Highest Bidder, as the case may be, and upon such refund, the Successful Bidder or the Second Highest Bidder, as the case may be, will have no claim or recourse against the Debtor, its retained professionals, including the Attorney, and the Broker, the Debtor and the Debtor's Estate, and shall have no further rights under these Terms of Sale or Memorandum of Sale.

33.     The Debtor reserves its right in its sole and unfettered discretion to withdraw the Real Property from the Public Sale, either prior, or subsequent to the Public Sale, for any reason whatsoever, as it deems necessary or appropriate.

34.     The Public Sale of the Real Property is subject to confirmation by the Debtor.

35.     The Successful Bidder shall receive credit for security deposits, if any.

36.     The Successful Bidder shall be entitled to collect past due rents, if any.

37.     The Debtor's Attorney shall notify the Successful Bidder whether the Public Sale is confirmed by the Bankruptcy Court, if such confirmation is sought. The Bankruptcy Court shall determine any disputes concerning the Public Sale of the Real Property. By participating in the Public Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes in and under the Debtor's pending case.

38.     Pursuant to E.D.N.Y. L.B.R. 6004-1, no appraiser, auctioneer or officer, director, stockholder, agent, employee or insider of any appraiser, or relative of any of the foregoing, shall purchase directly or indirectly, or have a financial interest in the purchase of, any property of the Estate that the appraiser has been employed to appraise or sell, including, but not limited to the Real Property.

I have read these Terms of Sale and agree to be bound by them.

By: _____     Date: _____

## MEMORANDUM OF SALE – SUCCESSFUL BIDDER

High Bid Realized at Auction: _____

6% Buyer's Premium: _____

**Purchase Price:** _____

The undersigned purchaser has this _____ day of _____, 2022, agreed to purchase the Debtor's right, title and interest in and to the commercial real property located at, 422 East 161st Street, Bronx, New York 10451 known as County: Bronx,  Block: 2382, Lot: 14 (collectively, the "Real Property") pursuant to the Terms and Conditions of Sale (the "Terms of Sale"), to which this Memorandum is attached and made a part thereof, from One and One Holdings LLC,  (the "Debtor"), Chapter11 Debtor and Debtor in Possession for the bankruptcy estate (the "Estate") in Case No. 22-10400 (JLG), pending in the United States Bankruptcy Court for the Southern District of New York, and being sold by the Debtor for the highest or best offer as the Debtor in its sole discretion determines, subject to Bankruptcy Court approval, and hereby promises and agrees to comply with the terms and conditions of the Public Sale for the Real Property, as set forth in the annexed Terms of Sale.

_____          _____
PURCHASER (Signature)                              PURCHASER (Signature)


_____          _____
PRINT NAME OF PURCHASER                      PRINT NAME OF PURCHASER


_____          _____
ADDRESS                                                  ADDRESS


_____          _____
TELEPHONE NUMBER                              TELEPHONE NUMBER


_____          _____
EMAIL                                                      EMAIL

Received  from  _____  the  sum  of $100,000.00 as a non-refundable deposit for the purchase of the Real Property pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale.

The Law Office of Leo Fox
Attorney for the Chapter 11 Debtor and Debtor in Possession, and as Escrow Agent
630 Third Avenue, 18th Floor, New York, NY 10017
Tel. 212-867-9595This is to verify that the offer for the above captioned property is for the sum of $_____.

_____

Maltz Auctions

**ATTORNEY INFORMATION**

Name: _____

Address: _____

_____

Phone: _____

## MEMORANDUM OF SALE – SECOND HIGHEST BIDDER

Bid Realized at Auction: _____

6% Buyer's Premium: _____

**Purchase Price:** _____

The undersigned purchaser has this _____ day of _____, 2022, agreed to purchase the Debtor's right, title and interest in and to the commercial real property located at, 422 East 161st Street, Bronx, New York 10451, known as County: Bronx, Block: 2382, Lot: 14 (collectively, the "Real Property") pursuant to the Terms and Conditions of Sale (the "Terms of Sale"), to which this Memorandum is attached and made a part thereof, from One and One Holdings LLC (the "Debtor"), Chapter11 Debtor and Debtor in Possession for the bankruptcy estate (the "Estate") in Case No. 22-10444 (JLG), pending in the United States Bankruptcy Court for the Southern District of New York, and being sold by the Debtor for the highest or best offer as the Debtor in its sole discretion determines, subject to Bankruptcy Court approval, and hereby promises and agrees to comply with the terms and conditions of the Public Sale for the Real Property, as set forth in the annexed Terms of Sale.

_____          _____
PURCHASER (Signature)                     PURCHASER (Signature)


_____          _____
PRINT NAME OF PURCHASER                    PRINT NAME OF PURCHASER


_____          _____
ADDRESS                                    ADDRESS


_____          _____
TELEPHONE NUMBER                           TELEPHONE NUMBER


_____          _____
EMAIL                                      EMAIL

Received from _____ the sum of $100,000.00 as a non-refundable deposit for the purchase of the Property pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale.

The Law Office of Leo Fox
Attorney for the Chapter 11 Debtor and Debtor in Possession, and as Escrow Agent
630 Third Avenue, 18th Floor, New York, New York 10017
212-867-9595

This is to verify that the offer for the above captioned property is for the sum of
$_____.

_____
Maltz Auctions

**ATTORNEY INFORMATION**

Name:        _____

Address:    _____

              _____

Phone:      _____