# LEO FOX, ESQ.

January 10, 2023

**_VIA ECF FILING_**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Old Customs House
One Bowling Green
New York, New York 10004

Re:     One and One Holdings LLC - Case No. 22-10400 (JLG)

Dear Judge Garrity:

      I enclose the proposed Order approving the Amended Terms and Conditions for the Sale of the Debtor's property, Authorizing the Sale and Scheduling a Hearing on March 14, 2023 to confirm the results of the Sale.  As the Court may recall, the Debtor submitted a Motion dated October 25, 2022, (ECF #85) to approve the Terms and Conditions of Sale.  At the return date, the Court provided comments to modify the Terms and Conditions.  The Debtor submitted Amended Terms and Conditions along with a proposed Order in its Status Letter to the Court dated January 3, 2023, (ECF #99).  On January 4, 2023, this Court entered a Memorandum Order adjourning the pending Status Conference from January 10, 2023 to March 14, 2023 in light of the fact that the scheduled Sale was to take place in late January 2023 and adjourned all matters on the calendar to March 14, 2023.  Since the Sale process should be completed by late January 2023, the hearing to approve the Sale can similarly be scheduled for March 14, 2023.

For these reasons, the Debtor respectfully requests that the Court enter the within Order which is consistent with the earlier motion served upon the parties in an effort to move the process forward.

Very truly yours,

/s/ Leo Fox
Leo Fox

LF:cb

cc:   Andy Velez-Rivera, United States Trustee
      Daniel Corrigan, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re                                                                                          Chapter 11

ONE AND ONE HOLDINGS LLC,                                        Case No. 22-10400 (JLG)

                                              Debtor.
-------------------------------------------------------------------X

### ORDER APPROVING THE DEBTOR'S APPLICATION FOR
### BID PROCEDURES FOR THE SALE OF REAL PROPERTY LOCATED AT
### 422 EAST 161ST STREET, BRONX, NEW YORK 10451 FREE AND CLEAR OF ALL
### LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Upon the Motion (the "*Motion*") (ECF #84) of One and One Holdings LLC, (the

"*Debtor*"), by its attorney, Leo Fox, Esq., pursuant to Sections 105, 363(b), (f) and (m) of the

Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9007 seeking entry of an order (i)

establishing Terms and Conditions of Sale ("*Terms and Conditions*"), (ii) the form and manner of

notice of sale, (iii) and for an Order authorizing the sale of the real property located at 422 East

161st Street, Bronx, New York 10451 (the "*Real Property*") free and clear of all liens, claims,

encumbrances and other interests, (iv) granting the successful bidder good faith status, (v)

waiving a stay of a sale order and granting such other and further relief as is appropriate; and it

appearing that notice of the Motion was duly served on interested parties in accordance with

applicable rules as reflected in the affirmation of service filed (ECF #86); and it further appearing

that a hearing was held before the Court on the merits of the Motion on November 22, 2022; and

it further appearing that the Debtor was present at the hearing and appeared through counsel, the

United States Trustee appeared through counsel, the Mortgagee, Fannie Mae, appeared through

counsel and upon the comments of the Court at the Hearings that certain amendments were

required to be made and upon the Amended Terms and Conditions (hereinafter "*Terms and*

*Conditions of Sale*") to reflect the Court's comments being submitted to the Court by letter dated

November 30, 2022 as are attached hereto in clean (*Exhibit A*) and redlined (*Exhibit B*) format without any objections by the United States Trustee or the Mortgagee or any other party; it is hereby

### *FOUND AND DETERMINED AS FOLLOWS:*

A.      The Court has jurisdiction over this matter and over the property of the Debtor and the bankruptcy estate pursuant to 28 U.S.C. § 1334 and § 157(a).

B.      This is a core proceeding to 28 U.S.C. § 1334 and § 157(b)(2)(A), (N) and (O).

C.      Good and sufficient notice of the relief sought in the Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the proposed Terms and Conditions) has been afforded to all interested persons and entities including, but not limited to:

(i)      the Office of the United States Trustee; (ii) all parties that have filed a notice of appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 2002; (iii) the twenty largest creditors; and the (iv) governmental entities of New York City which may have an interest in the Real Property.

D.      The Debtor has articulated good and sufficient reasons for approving (i) the Terms and Conditions and (ii) the form and manner of notice of the Motion as it relates to the Sale.

E.      The Debtor has articulated good and sufficient reasons for scheduling the Sale Hearing.

F.      The Terms and Conditions were proposed in good faith and are fair and reasonable.

### *IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:*

1.      Any and all objections to the entry of this Order have been resolved, withdrawn, or overruled.

2.    Debtor is authorized to conduct an Auction for the sale of the Property in accordance with the Terms and Conditions.

3.    The Terms and Conditions annexed to this Order as Exhibit "A" are hereby approved.

4.    A hearing shall be held before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, on March 14, 2023, at 11:00 AM Eastern Time in his Courtroom, Room 723 of the United States Bankruptcy Court for the Southern District of New York, Old Customs House, One Bowling Green, New York, New York 10004 (the "*Sale Hearing*"), subject to the availability of the Court, to confirm the results of the Auction sale, authorize the sale of the Property, based upon the results of the Auction, and to grant such other related relief as may be deemed necessary or proper by the Court.

5.    The successful bidder at the Auction shall be afforded good faith status.

6.    The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

7.    Objections to the relief to be considered at the Sale Hearing shall be filed by March 7, 2022 at 5:00 p.m. with the Bankruptcy Court at the Court's website https://ecf.nyeb.uscourts.gov/cgi-bin/login.pl (password and login required), with a copy delivered directly to Chambers and served upon: (a) counsel to the Debtor; (b) counsel to any Purchaser; (d) the Office of the United States Trustee; and (e) Parties filing a Notices of Appearance.

8.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

9.      Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), the Terms and Conditions Order shall be effective upon entry.

10.     Debtor shall serve this Order along with the Terms and Conditions upon (i) the Office of the U.S. Trustee, (ii) all taxing authorities, (iii) all creditors who filed claims against the Debtor, (iv) creditors listed by the Debtor on its Schedules as holding unliquidated, undisputed and non-contingent claims, (v) any potential buyers known by the Debtor, (vi) Maltz Auctions and (viii) Parties filing Notices of Appearance on or within 3 days of entry.

Dated: New York, New York
        January   , 2023

_____
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge

# EXHIBIT A

<u>AMENDED</u> <u>**TERMS AND CONDITIONS OF SALE**</u>

1.      On March 30, 2022, One and One Holdings LLC, the debtor and debtor-in-possession (the "<u>Debtor</u>"), filed a voluntary petition for relief under chapter 11 of Title 11, United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), commencing case number 22-10400 (JLG). To date, no committee, trustee, or examiner has been appointed, and the Debtor continues to operate and manage its business and property as a debtor-in-possession under Bankruptcy Code §§ 1107(a) and 1108.

2.      These Terms and Conditions of Sale (these "<u>Terms of Sale</u>") are being promulgated in connection with the public sale (the "<u>Public Sale</u>") by the Debtor of the Debtor's Estate's right, title and interest in and to the commercial real property located at 422 East 161st Street, ~~Bronx,~~ New York 10451, and known as County: Bronx, Block: 2382, Lot: 14 <u>and Leases associated with such property</u> (collectively, the "<u>Real Property</u>").

3.      The Debtor is represented by The Law Office of Leo Fox, Esq. ("<u>Attorney</u>" or "<u>Escrow Agent</u>"), with offices at 630 Third Avenue – 18th Floor, New York, NY 10017.

4.      The Public Sale is being conducted pursuant to section 363(b) and (f) of the Bankruptcy Code, and shall be held online-only from ~~————————, 2022~~<u>January 17, 2023</u> at 11:00 p~~.~~a.m. through ~~————————, 2022~~<u>January 19, 2023</u> at 11:00 p~~.~~a.m. (the "<u>Auction Date</u>"). Online bidding will be made available for pre-registered bidders via the online bidding App of Maltz Auctions, Inc., d/b/a Maltz Auctions (the "<u>Broker</u>/Maltz"), available for download in the App Store or on Google play, and via desktop bidding at RemoteBidding.MaltzAuctions.com. Bidding is scheduled to close at 1:00 pm EST on ————————, 202~~2~~<u>3</u>. ~~H~~<u>h</u>owever, if a bid is placed with less than one minute remaining, the bidding period will be extended so one minute remains for competing bids to be entered. This extension will continue until there are no higher bids placed within the final one minute prior to the close of the Public Sale.

5.      In order to be permitted to bid on the Real Property, prior to the commencement of the Public Sale, each prospective bidder must deliver to the Broker (Maltz Auctions), by wire transfer, certified check or bank check, the sum of One Hundred Thousand Dollars ($100,000.00) (the "<u>Qualifying Deposit</u>") payable to "Leo Fox, Esq., as Attorney", which amount shall serve as a partial good faith deposit against payment of the purchase price, which shall be equal to the successful bid submitted at the Public Sale, by such competing bidder as Maltz, after consultation with the Debtor and the Attorney, determines to have made the highest or best bid for the Real Property (the "<u>Successful Bidder</u>").

6.      The Public Sale of the Real Property will be subject to a buyer's premium (the "<u>Buyer's Premium</u>") in the amount of (i) six percent (6%) of the gross sale price of the Real Property, <u>if there is a Licensed Buyer's Broker to be shared 4% to Maltz and 2 % to the Buyer's Broker if the Buyer closes on the sale and (ii) 5% if there is no Licensed Buyer's Broker</u> except that in the event that the Real Property is sold to Fannie Mae (or any designee or assignee of Fannie Mae, any affiliate of Fannie Mae, any entity created by Fannie Mae, or in which Fannie Mae holds

Formatted: Underline
Formatted: Underline
Formatted: Underline
Formatted: Underline
Formatted: Underline

or owns any interest), and not an unrelated third party ("Lender Bid"), Maltz shall receive a reduced Buyer's Premium of two percent (2%), of the amount of the successful Lender Bid. The Buyer's Premium shall be added to the final sale price and payable by the Successful Bidder(s) of the Real Property, and the Estate shall not be responsible to pay any portion of the Buyer's Premium.

Formatted: Underline

7.      Within 48 hours after conclusion of the Public Sale ("Deadline"), the Successful Bidder shall deliver to the Attorney by wire transfer, certified check, or bank check payable to "Leo Fox, Esq., as Attorney", an amount equal to 10% of the Purchase Price, less the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit"), plus the Buyer's Premium, **TIME BEING OF THE ESSENCE as to the Successful Bidder.**

Formatted: Underline

8.      The Buyer's Premium shall be deemed to have been earned immediately upon the fall of the hammer and is due within forty-eight (48) hours after conclusion of the Public Sale, **TIME BEING OF THE ESSENCE.** Failure of the Successful Bidder to tender the ten (10%) percent Deposit of the Purchase Price at auction and the applicable Buyer's Premium within forty-eight (48) hours after conclusion of the Public Sale shall result in an immediate default under these Terms of Sale and the Memorandum of Sale, and shall result in the forfeiture of all earnest monies paid, including and granting to the Debtor the right to proceed against the Successful Bidder to recover the Buyer's Premium.

9.      If the Successful Bidder fails to post the total required ten (10%) percent Deposit and required Buyer's Premium within 48 hours following the Public Sale, then, within three (3) business days of Successful Bidder's Default and notice of such default given to the Successful Bidder and to the Second Highest Bidder that such bidder is not the Successful Bidder, the Second Highest Bidder shall be the new Successful Purchaser (the "New Successful Purchaser"). The New Successful Purchaser shall not receive credit for any Deposit and/or Buyer's Premium forfeited by the initial Successful Bidder and shall post the ten (10%) percent Deposit and the required Buyer's Premium within three business days following email notification to the New Successful Purchaser's attorney and the New Successful Purchaser of Successful Bidder's Default, **TIME BEING OF THE ESSENCE AS TO THE NEW SUCCESSFUL PURCHASER.** The contact information of all Bidders shall be maintained by Maltz in order to contact such bidders if the Sale is not consummated by the Highest Bidder or the Second Highest Bidder or Fannie Mae, as the case may be, as provided in ¶ 19.

Formatted: Underline

10.     The Successful Bidder and the competing Bidder who Maltz, after consultation with the Debtor and the Attorney, determines to have made the second highest or best bid for the Real Property (the "Second Highest Bidder") must execute, and thereby agree to be bound by (i) these Terms of Sale, and (ii) a Memorandum of Sale. At the conclusion of the Public Sale, the Broker will return the Qualifying Deposits to all other bidders, except to the Successful Bidder and the Second Highest Bidder. The Second Highest Bidder's Qualifying Deposit shall be returned within three (3) business days from the date the Attorney receives the full Deposit plus the Buyer's Premium from the Successful Bidder.

11.     The Deposit shall be held in escrow by Leo Fox, Esq.,– as Attorney, in an IOLA interest bearing Attorney Escrow account. The interest for tax purposes will be charged to the

Successful Bidder and/or the New Successful Purchaser, as the case may be, who agrees to complete and supply Leo Fox, Esq., as Attorney, with its execution copy hereof, an original W9 form. The interest shall be credited towards the purchase price.

12.    Fannie Mae: shall have the right to credit bid within the meaning of section 363(k) of the Bankruptcy Code all or a portion of the amount owed to Fannie Mae pursuant to its Allowed Secured Claim as filed with the Bankruptcy Court and as may be amended from time to time. Fannie Mae shall not be required to provide the Qualifying Deposit, the Deposit, or the W9 form required under paragraph 11 above. If Fannie Mae is the Successful Bidder or becomes the New Successful Purchaser, the reduced Buyer's Premium due from Fannie Mae shall be due at the closing of the transaction contemplated by these Terms of Sale (the "Closing"), rather than at the time provided for above. Fannie Mae shall also be required to pay at the Closing. (i) the reduced Buyer's Premium to Maltz under its Lender Bid, and (ii) to the Debtor at the Closing, (A) all fees, costs and charges, incurred or due to be paid in connection with the Closing, and (B) the Carve-Out Sums (inclusive of projected U.S. Trustee fees from the Sale of the Real Property) as defined in a certain stipulation between the Debtor and Fannie Mae, ~~which is being reduced to writing as of this time.~~ If Fannie Mae fails to pay all such sums described in (i) and (ii) above, Fannie Mae shall be in default of its Credit Bid and Fannie Mae shall pay, in cash, and, not as an offset, as liquidated damages to the Bankruptcy Estate ~~the greater of (A) the sums described in (i) and (ii) above and (B) the economic amount of the Credit Bid less the amounts received on a sale of the Real Property.~~

13.    The Closing shall take place at The Law Office of Leo Fox, Esq., ~~A~~attorney for the Debtor, 630 Third Avenue, 18th Floor, New York, New York 10017, commencing at 11:00 a.m. (EST) on a date to be determined by the Attorney, by email, or by another location as agreed upon by Attorney. The Closing shall occur within thirty (30) days from the entry of the Sale Order (as defined in ¶18 below), **TIME BEING OF THE ESSENCE as to the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be**, although the Closing Date may be extended solely by the Debtor or its Attorney at their option and discretion.

14.    The Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, shall be obligated to close title to the Real Property. There are no contingencies of any kind or nature that will permit the Successful Bidder,- the Second Highest Bidder, Fannie Mae, as the case may be, or any other qualifying bidder, to cancel or avoid their obligation under these Terms of Sale, other than the ability to deliver insurable title. In the event that the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, fails to close title to the Real Property for any reason whatsoever, including failure to tender the entire Purchase Price at the Closing, the Successful Bidder shall irrevocably forfeit (a) the Deposit to the Debtor's Estate, (b) the Buyer's premium to Maltz and (c) the right to obtain title to the Real Property. In the event that (a) the Debtor is unable to deliver the Real Property in a manner consistent with these Terms of Sale, or (b) the Court fails to enter the Sale Order (as defined in ¶18 below), the Deposit and any Buyer's Premium will not be forfeited, and the Deposit and any Buyer's Premium shall be returned to the Successful Bidder or the Second Highest Bidder, or Fannie Mae, as the case may be, which posted such amounts promptly, ~~without~~with any interest. In the event that the Debtor fails to close, it is acknowledged that return of the Deposit and any Buyer's Premium is the Debtor's only obligation hereunder, and the Successful Bidder,- the Second Highest Bidder, and/or Fannie Mae, will have

no other or further recourse of any kind or nature against the Debtor's retained professionals, the Debtor or the Debtor's Estate. As stated above, **Time is of the Essence against the Successful Bidder, the Second Highest Bidder, and/or Fannie Mae, as the case may be.**

15.     The Successful Bidder, the Second Highest Bidder, and Fannie Mae, as the case may be, further acknowledges that it will be responsible for the completion of any forms, if required, to effectuate the transfer of the Real Property, and shall pay any and all costs and expenses in connection with the Closing related to obtaining a survey; fee title or mortgage insurance; title company endorsement, search and escrow charges; environmental, engineering or other Real Property inspections; reports and other costs of Real Property due diligence; and County, State, or other real property transfer, deed or documentary tax, flip tax, or other taxes imposed upon the sale due in connection with the transfer of the Real Property from the Debtor at Closing.

16.     The Successful Bidder, the Second Highest Bidder, and Fannie Mae, acknowledge that they will be responsible for the completion of any ACRIS forms, if required. The Debtor shall not be required to execute any form of title affidavit (but may do so in its sole and absolute discretion) and all title exceptions customarily omitted from a title policy on account of such title affidavit shall be deemed permitted exceptions. The Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, acknowledges that it will be responsible for the preparation of all Closing documents required including, but not limited to, transfer tax forms.

17.     The Successful Bidder, the Second Highest Bidder, and Fannie Mae, as the case may be, shall have demonstrated, to the sole satisfaction of the Debtor, Attorney or the Court, as the case may be, evidence of its ability to conclude the transaction upon these Terms of Sale, without delay. The Debtor or the Attorney reserves the right to reject any offeror, who in the sole discretion of the Debtor or the Attorney is not financially capable of consummating the purchase of the Real Property by giving such offeror three (3) business days' notice and returning within such time period any Deposit and Buyer's Premium posted by such offeror. **Expenses incurred by the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, or any other competing bidder concerning any due diligence, such as obtaining title reports and other due diligence information, shall be the sole responsibility of such bidder, and under no circumstances shall the Debtor, the Attorney, the Broker or any of the Debtor's other retained professionals, or the Debtor's Estate be responsible for, or pay, such expenses.**

18.     The Debtor or Attorney shall seek an order of the Bankruptcy Court (the "Sale Order") prior to the Closing authorizing the Sale. The Debtor or Attorney ~~may but need not seek~~ shall seek a further Order of the Bankruptcy Court to confirm the result of the Public Sale of the Real Property to the Successful Bidder, the Second Highest Bidder, or Fannie Mae.

19.     In the event that the Successful Bidder for the Real Property or Fannie Mae, as the case may be, fails to tender the payment of the balance of the Purchase Price on or before the Closing Date, or otherwise perform any of its obligations under these Terms of Sale, the Debtor or Attorney, at their sole option and discretion, shall be authorized to sell the Real Property to the Second Highest Bidder, ~~without any further~~ upon three (3) business ~~notice~~days' notice to the defaulting bidder that such bid has been cancelled and to the Second Highest Bidder that such

bidder is now the Successful Bidder and obligated to close, and without giving the Second Highest Bidder credit for the Deposit or, plus the Buyer's Premium, which shall be forfeited by the Successful Bidder, and upon such other terms and conditions as the Debtor or Attorney deems appropriate. Should the Second Highest Bidder fail to close on the Real Property, within such time as the parties may agree but not to exceed thirty (30) days after notice from the Debtor or Attorney to the Second Highest Bidder of its obligations to Close, the Debtor or Attorney shall be authorized to sell the Real Property to the next highest or best bidder at the Public Sale, without the necessity of any other or further notice upon three (3) business days' notice to the Second Highest Bidder of such default and of forfeiture of the Deposit and Buyer's Premium and to the next highest bidder that such bidder is now the new Successful Bidder and obligated to close. The New Successful Bidder shall post the Buyer's Premium and 10% Deposit within ten (10) days of notice without giving such Successful Bidder any credit for any Deposit or Buyer's Premium previously given and close within 30 days after notice. All bidders who execute a copy of these Terms of Sale shall be bound to all terms and conditions contained herein.

20.     The Real Property is being sold **"AS IS", "WHERE IS", "WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of any and all liens, claims, encumbrances, and other interests in the Real Property other than the interest held by the Debtor, or any adverse claims to title, of whatever kind or nature, and the Sale is subject to, among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; all leases, approvals for ownership, and/or occupancies, if any, as may exist or encumber the Real Property or any portion(s) thereof; and (f) environmental conditions.   By delivering their respective Qualifying Deposits, all bidders acknowledge that they have had the opportunity to review and inspect the Real Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Real Property in making their bids. Neither the Debtor, nor the Attorney, the Broker Maltz, nor any of the Debtor's other retained professionals make any representations or warrantees, express or implied, with respect to the permissible uses of the Real Property. All bidders acknowledge that they have conducted their own due diligence in connection with the Real Property and are not relying on any information provided by the Debtor, Attorney, or the Debtor's other retained professionals. **The Real Property shall be delivered subject to any and all leases and occupancies at the time of closing.**

21.     Each bidder hereby expressly agrees and acknowledges that neither the Debtor, nor the Attorney, the Broker, or any of the Debtor's other retained professionals has made any representations or warranties, express or implied, nor is such bidder relying on any statements or information provided by the Debtor, the Attorney, the Broker, or  any of the Debtor's other retained professionals, including, but not limited to any representations, warranties, statements or information as to the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Real Property or this Public Sale, which might be pertinent to the purchase of the Real Property, including, without limitation, (i) the current or future real estate or other tax liability, assessment or valuation of the Real Property or transfer thereof; (ii) the potential qualification of the Real Property for any and

all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Real Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (iv) the current or future use of the Real Property; (v) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; and (vi) whether any and all documents in the Debtor's possession that relate to the Loans are original documents with wet ink signatures. The Debtor is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Real Property, made or furnished by the Debtor or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Debtor unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Attorney.

22.     The Debtor shall convey the Real Property by delivery of a quit claim deed. The quality of title shall be that which a reputable title insurance company doing business in the State of New York is willing to approve and insure. At the Attorney's option, it may arrange for the issuance of title insurance by such a company, if the Successful Bidder, the Second Highest Bidder, and/or Fannie Mae. is unable to so, at the sole cost and expense of the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be.

23.     At Closing, the Deposit shall be disbursed by Leo Fox, ‑Esq., as attorney and Escrow Agent, in accordance with these Terms and Conditions of Sale, to the Debtor or pursuant to the Stipulations between the Debtor and Fannie Mae, or, as otherwise ordered by the Bankruptcy Court. Any interest earned on the Deposit shall be paid together with the principal portion of the Deposit, it being understood and agreed that any interest earned on the Deposit posted by the Buyer closing on the sale shall be credited to the Purchase Price upon the Closing.

24.     Escrow Agent is acting hereunder without charge as an accommodation to Buyer and the Debtor, it being understood and agreed that Escrow Agent shall not be liable for any error in judgment or any act done or omitted by it in good faith or pursuant to court order, or for any mistake of fact or law. Escrow Agent shall not incur any liability in acting upon any document or instrument believed thereby to be genuine. Escrow Agent is hereby released and exculpated from all liability hereunder, except only for willful misconduct or gross negligence. Escrow Agent may assume that any person purporting to give it any notice on behalf of any party has been authorized to do so. Escrow Agent shall not be liable for, and Buyer and the Debtor hereby jointly and severally agree to indemnify Escrow Agent against, any loss, liability or expense, including reasonable attorney's fees (either paid to retained attorneys or representing the fair value of legal services rendered by Escrow Agent to itself), arising out of any dispute under this Agreement, including the cost and expense of defending itself against any claim arising hereunder.

25.     The Attorney, the ‑Broker Maltz, the Debtor's other retained professionals, the Debtor, and the Debtor's Estate shall not be liable or responsible under any circumstances for the payment of fees of any broker or other agent. The only commissions that the Debtor's Estate may be liable for are those of the ‑Broker Maltz, which has been retained pursuant to an Order of the

Bankruptcy Court, under the terms of the Bankruptcy Court's Order authorizing the retention of the Broker and any other Court Order providing for payment.

26.     The only commission that will be paid (in addition to Maltz) is to the Licensed Real Estate Broker, who registers the Successful Bidder in accordance with the Broker Participation Form and has received confirmation of receipt and acknowledgement of valid registration by Maltz which commission shall be calculated based on the terms for retention of Maltz and as set forth in ¶ 6 of these terms and which shall be paid from the Buyer's Premium.

27.     Nothing contained in these Terms of Sale is intended to supersede or alter any provisions of the Bankruptcy Code, or otherwise interfere with the jurisdiction of the Bankruptcy Court. These Terms of Sale are subject to modification as may be directed by the Attorney or by the Bankruptcy Court. The Attorney reserves the right to modify these Terms of Sale, subject to the foregoing, to maintain consistency with the provisions of the Bankruptcy Code and/or Orders of the Bankruptcy Court.

28.     By tendering the Qualifying Deposit and executing these Terms of Sale, all bidders and Fannie Mae acknowledge that they have read all of the terms and conditions contained herein, and have agreed to be bound by the same. Moreover, all bidders who execute these Terms of Sale warrant and represent that they have the full power and authority to execute and deliver these Terms of Sale and to perform the obligations hereunder. These Terms of Sale constitute a valid and legally binding obligation of the bidder who executes them and is enforceable upon such bidder in accordance with these Terms of Sale.

29.     These Terms of Sale shall be binding upon, and inure to the benefit of the Parties hereto, and their respective successors, designees and/or permitted assigns. No Party hereto may assign either these Terms of Sale or any of the rights, interests or liabilities hereunder without the prior written approval of the other Party.

30.     Each of any bidder who tenders a Qualifying Deposit, to Fannie Mae, and the Debtor will bear its own costs and expenses (including legal fees and expenses) incurred in connection with these Terms of Sale and the transaction contemplated hereby.

31.     By making a bid for the Real Property, all bidders and Fannie Mae will be deemed to have acknowledged having read and understood these Terms and Conditions of Sale and have agreed to be bound by them.

32.     If the Debtor is unable to deliver the Real Property in accordance with these Terms of Sale for any reason whatsoever, its only obligation will be to refund the Deposit and the Buyer's Premium, without interest, costs, fees or other charge of any kind or nature, to the Successful Bidder or the Second Highest Bidder, as the case may be, and upon such refund, the Successful Bidder or the Second Highest Bidder, as the case may be, will have no claim or recourse against the Debtor, its retained professionals, including the Attorney, and the Broker, the Debtor and the Debtor's Estate, and shall have no further rights under these Terms of Sale or Memorandum of Sale.

33.32. The Debtor reserves its right in its sole and unfettered discretion to withdraw the Real Property from the Public Sale, either prior, or subsequent to the Public Sale, for any reason whatsoever, as it deems necessary or appropriate.

34.33. The Public Sale of the Real Property is subject to confirmation by the Debtor.

35.34. The Successful Bidder shall receive credit for unfunded security deposits, if any.

36.35. The Successful Bidder shall be authorized and entitled to collect and retain past due rents, if any.

37.36. The Debtor's Attorney shall notify the Successful Bidder whether the Public Sale is confirmed by the Bankruptcy Court, if such confirmation is sought. The Bankruptcy Court shall determine any disputes concerning the Public Sale of the Real Property. By participating in the Public Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes in and under the Debtor's pending case.

38.37. Pursuant to E.D.N.Y. L.B.R. 6004-1, nNo appraiser, auctioneer or officer, director, stockholder, agent, employee or insider of any appraiser, or relative of any of the foregoing, shall purchase directly or indirectly, or have a financial interest in the purchase of, any property of the Estate that the appraiser has been employed to appraise or sell, including, but not limited to the Real Property.

I have read these Terms of Sale and agree to be bound by them.

By: _____   Date: _____

## MEMORANDUM OF SALE – SUCCESSFUL BIDDER

High Bid Realized at Auction: _____
6% Buyer's Premium: _____
**Purchase Price:** _____

The undersigned purchaser has this ____ day of _____, 2022, agreed to purchase the Debtor's right, title and interest in and to the commercial real property located at, 422 East 161st Street, Bronx, New York 10451 known as County: Bronx, Block: 2382, Lot: 14 (collectively, the "Real Property") pursuant to the Terms and Conditions of Sale (the "Terms of Sale"), to which this Memorandum is attached and made a part thereof, from One and One Holdings LLC, (the "Debtor"), Chapter11 Debtor and Debtor in Possession for the bankruptcy estate (the "Estate") in Case No. 22-10400 (JLG), pending in the United States Bankruptcy Court for the Southern District of New York, and being sold by the Debtor for the highest or best offer as the Debtor in its sole discretion determines, subject to Bankruptcy Court approval, and hereby promises and agrees to comply with the terms and conditions of the Public Sale for the Real Property, as set forth in the annexed Terms of Sale.

_____          _____
PURCHASER (Signature)                      PURCHASER (Signature)

_____          _____
PRINT NAME OF PURCHASER               PRINT NAME OF PURCHASER

_____          _____
ADDRESS                                            ADDRESS

_____          _____
TELEPHONE NUMBER                         TELEPHONE NUMBER

_____          _____
EMAIL                                                 EMAIL

**Formatted:** Underline

Received from _____ the sum of $100,000.00 as a non-refundable deposit for the purchase of the Real Property pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale.

The Law Office of Leo Fox
Attorney for the Chapter 11 Debtor and Debtor in Possession, and as Escrow Agent
630 Third Avenue, 18th Floor, New York, NY 10017
Tel. 212-867-9595
leo@leofoxlaw.com

This is to verify that the offer for the above captioned property is for the sum of $_____.

_____
Maltz Auctions

**ATTORNEY INFORMATION**

Name: _____

Address: _____

_____

Phone: _____

## MEMORANDUM OF SALE – SECOND HIGHEST BIDDER

Bid Realized at Auction: _____
6% Buyer's Premium: _____
**Purchase Price:** _____

The undersigned purchaser has this _____ day of _____, 2022, agreed to purchase the Debtor's right, title and interest in and to the commercial real property located at, 422 East 161st Street, Bronx, New York 10451, known as County: Bronx, Block: 2382, Lot: 14 (collectively, the "Real Property") pursuant to the Terms and Conditions of Sale (the "Terms of Sale"), to which this Memorandum is attached and made a part thereof, from One and One Holdings LLC (the "Debtor"), Chapter11 Debtor and Debtor in Possession for the bankruptcy estate (the "Estate") in Case No. 22-10444 (JLG), pending in the United States Bankruptcy Court for the Southern District of New York, and being sold by the Debtor for the highest or best offer as the Debtor in its sole discretion determines, subject to Bankruptcy Court approval, and hereby promises and agrees to comply with the terms and conditions of the Public Sale for the Real Property, as set forth in the annexed Terms of Sale.


_____                    _____
PURCHASER (Signature)                        PURCHASER (Signature)


_____                    _____
PRINT NAME OF PURCHASER                       PRINT NAME OF PURCHASER


_____                    _____
ADDRESS                                       ADDRESS


_____                    _____
TELEPHONE NUMBER                              TELEPHONE NUMBER


_____                    _____
EMAIL                                         EMAIL

Received from _____ the sum of $100,000.00 as a non-refundable deposit for the purchase of the Property pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale.

The Law Office of Leo Fox
Attorney for the Chapter 11 Debtor and Debtor in Possession, and as Escrow Agent
630 Third Avenue, 18th Floor, New York, New York 10017
212-867-9595
leo@leofoxlaw.com

This is to verify that the offer for the above captioned property is for the sum of
$_____.

_____
Maltz Auctions

## ATTORNEY INFORMATION

Name: _____

Address: _____

_____

Phone: _____

# EXHIBIT B

# AMENDED TERMS AND CONDITIONS OF SALE

1.      On March 30, 2022, One and One Holdings LLC, the debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), commencing case number 22-10400 (JLG). To date, no committee, trustee, or examiner has been appointed, and the Debtor continues to operate and manage its business and property as a debtor-in-possession under Bankruptcy Code §§ 1107(a) and 1108.

2.      These Terms and Conditions of Sale (these "Terms of Sale") are being promulgated in connection with the public sale (the "Public Sale") by the Debtor of the Debtor's Estate's right, title and interest in and to the commercial real property located at 422 East 161st Street, Bronx, New York 10451, and known as County: Bronx, Block: 2382, Lot: 14 and Leases associated with such property (collectively, the "Real Property").

3.      The Debtor is represented by The Law Office of Leo Fox, Esq. ("Attorney" or "Escrow Agent"), with offices at 630 Third Avenue – 18th Floor, New York, NY 10017.

4.      The Public Sale is being conducted pursuant to section 363(b) and (f) of the Bankruptcy Code, and shall be held online-only from January 17, 2023 at 11:00 a.m. through January 19, 2023 at 11:00 a.m. (the "Auction Date"). Online bidding will be made available for pre-registered bidders via the online bidding App of Maltz Auctions, Inc., d/b/a Maltz Auctions (the "Broker/Maltz"), available for download in the App Store or on Google play, and via desktop bidding at RemoteBidding.MaltzAuctions.com. Bidding is scheduled to close at 1:00 pm EST on _____, 2023. However, if a bid is placed with less than one minute remaining, the bidding period will be extended so one minute remains for competing bids to be entered. This extension will continue until there are no higher bids placed within the final one minute prior to the close of the Public Sale.

5.      In order to be permitted to bid on the Real Property, prior to the commencement of the Public Sale, each prospective bidder must deliver to the Broker (Maltz Auctions), by wire transfer, certified check or bank check, the sum of One Hundred Thousand Dollars ($100,000.00) (the "Qualifying Deposit") payable to "Leo Fox, Esq., as Attorney", which amount shall serve as a partial good faith deposit against payment of the purchase price, which shall be equal to the successful bid submitted at the Public Sale, by such competing bidder as Maltz, after consultation with the Debtor and the Attorney, determines to have made the highest or best bid for the Real Property (the "Successful Bidder").

6.      The Public Sale of the Real Property will be subject to a buyer's premium (the "Buyer's Premium") in the amount of (i) six percent (6%) of the gross sale price of the Real Property, if there is a Licensed Buyer's Broker to be shared 4% to Maltz and 2 % to the Buyer's Broker if the Buyer closes on the sale and (ii) 5% if there is no Licensed Buyer's Broker except that in the event that the Real Property is sold to Fannie Mae (or any designee or assignee of Fannie Mae, any affiliate of Fannie Mae, any entity created by Fannie Mae, or in which Fannie Mae holds or owns any interest), and not an unrelated third party ("Lender Bid"), Maltz shall receive a

reduced Buyer's Premium of two percent (2%), of the amount of the successful Lender Bid. The Buyer's Premium shall be added to the final sale price and payable by the Successful Bidder(s) of the Real Property, and the Estate shall not be responsible to pay any portion of the Buyer's Premium.

7.      Within 48 hours after conclusion of the Public Sale ("Deadline"), the Successful Bidder shall deliver to the Attorney by wire transfer, certified check, or bank check payable to "Leo Fox, Esq., as Attorney", an amount equal to 10% of the Purchase Price, less the Qualifying Deposit (together with the Qualifying Deposit, the "Deposit"), plus the Buyer's Premium, **TIME BEING OF THE ESSENCE as to the Successful Bidder.**

8.      The Buyer's Premium shall be deemed to have been earned immediately upon the fall of the hammer and is due within forty-eight (48) hours after conclusion of the Public Sale, **TIME BEING OF THE ESSENCE.**  Failure of the Successful Bidder to tender the ten (10%) percent Deposit of the Purchase Price at auction and the applicable Buyer's Premium within forty-eight (48) hours after conclusion of the Public Sale shall result in an immediate default under these Terms of Sale and the Memorandum of Sale and shall result in the forfeiture of all earnest monies paid, and granting to the Debtor the right to proceed against the Successful Bidder to recover the Buyer's Premium.

**9.**      If the Successful Bidder fails to post the total required ten (10%) percent Deposit and required Buyer's Premium within 48 hours following the Public Sale, then, within three (3) business days of Successful Bidder's Default and notice of such default given to the Successful Bidder and to the Second Highest Bidder that such bidder is not the Successful Bidder, the Second Highest Bidder shall be the new Successful Purchaser (the "New Successful Purchaser").  The New Successful Purchaser shall not receive credit for any Deposit and/or Buyer's Premium forfeited by the initial Successful Bidder and shall post the ten (10%) percent Deposit and the required Buyer's Premium within three business days following email notification to the New Successful Purchaser's attorney and the New Successful Purchaser of Successful Bidder's Default, **TIME BEING OF THE ESSENCE AS TO THE NEW SUCCESSFUL PURCHASER.**  The contact information of all Bidders shall be maintained by Maltz in order to contact such bidders if the Sale is not consummated by the Highest Bidder or the Second Highest Bidder or Fannie Mae, as the case may be, as provided in ¶ 19.

10.      The Successful Bidder and the competing Bidder who Maltz, after consultation with the Debtor and the Attorney, determines to have made the second highest or best bid for the Real Property (the "Second Highest Bidder") must execute, and thereby agree to be bound by (i) these Terms of Sale, and (ii) a Memorandum of Sale.  At the conclusion of the Public Sale, the Broker will return the Qualifying Deposits to all other bidders, except to the Successful Bidder and the Second Highest Bidder.  The Second Highest Bidder's Qualifying Deposit shall be returned within three (3) business days from the date the Attorney receives the full Deposit plus the Buyer's Premium from the Successful Bidder.

11.      The Deposit shall be held in escrow by Leo Fox, Esq., as Attorney, in an interest bearing Attorney Escrow account. The interest for tax purposes will be charged to the Successful Bidder and/or the New Successful Purchaser, as the case may be, who agrees to complete and supply

Leo Fox, Esq., as Attorney, with its execution copy hereof, an original W9 form. The interest shall be credited towards the purchase price.

12.     Fannie Mae shall have the right to credit bid within the meaning of section 363(k) of the Bankruptcy Code all or a portion of the amount owed to Fannie Mae pursuant to its Allowed Secured Claim as filed with the Bankruptcy Court and as may be amended from time to time. Fannie Mae shall not be required to provide the Qualifying Deposit, the Deposit, or the W9 form required under paragraph 11 above. If Fannie Mae is the Successful Bidder or becomes the New Successful Purchaser, the reduced Buyer's Premium due from Fannie Mae shall be due at the closing of the transaction contemplated by these Terms of Sale (the "Closing"), rather than at the time provided for above. Fannie Mae shall also be required to pay at the Closing, (i) the reduced Buyer's Premium to Maltz under its Lender Bid, and (ii) to the Debtor at the Closing, (A) all fees, costs and charges, incurred or due to be paid in connection with the Closing, and (B) the Carve-Out Sums (inclusive of projected U.S. Trustee fees from the Sale of the Real Property) as defined in a certain stipulation between the Debtor and Fannie Mae. If Fannie Mae fails to pay all such sums described in (i) and (ii) above, Fannie Mae shall be in default of its Credit Bid and Fannie Mae shall pay, in cash, and, not as an offset, as liquidated damages to the Bankruptcy Estate the sums described in (i) and (ii) above.

13.     The Closing shall take place at The Law Office of Leo Fox, Esq., attorney for the Debtor, 630 Third Avenue, 18th Floor, New York, New York 10017, commencing at 11:00 a.m. (EST) on a date to be determined by the Attorney, by email, or by another location as agreed upon by Attorney. The Closing shall occur within thirty (30) days from the entry of the Sale Order (as defined in ¶18 below), **TIME BEING OF THE ESSENCE as to the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be**, although the Closing Date may be extended solely by the Debtor or its Attorney at their option and discretion.

14.     The Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, shall be obligated to close title to the Real Property. There are no contingencies of any kind or nature that will permit the Successful Bidder, the Second Highest Bidder, Fannie Mae, as the case may be, or any other qualifying bidder, to cancel or avoid their obligation under these Terms of Sale, other than the ability to deliver insurable title. In the event that the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, fails to close title to the Real Property for any reason whatsoever, including failure to tender the entire Purchase Price at the Closing, the Successful Bidder shall irrevocably forfeit (a) the Deposit to the Debtor's Estate, (b) the Buyer's premium to Maltz and (c) the right to obtain title to the Real Property. In the event that (a) the Debtor is unable to deliver the Real Property in a manner consistent with these Terms of Sale, or (b) the Court fails to enter the Sale Order (as defined in ¶18 below), the Deposit and any Buyer's Premium will not be forfeited, and the Deposit and any Buyer's Premium shall be returned to the Successful Bidder or the Second Highest Bidder, or Fannie Mae, as the case may be, which posted such amounts promptly, with any interest. In the event that the Debtor fails to close, it is acknowledged that return of the Deposit and any Buyer's Premium is the Debtor's only obligation hereunder, and the Successful Bidder, the Second Highest Bidder, and/or Fannie Mae, will have no other or further recourse of any kind or nature against the Debtor's retained professionals, the Debtor or the Debtor's Estate. As stated above, **Time is of the Essence against the Successful Bidder, the Second Highest Bidder, and/or Fannie Mae, as the case may be.**

15. The Successful Bidder, the Second Highest Bidder, and Fannie Mae, as the case may be, further acknowledges that it will be responsible for the completion of any forms, if required, to effectuate the transfer of the Real Property, and shall pay any and all costs and expenses in connection with the Closing related to obtaining a survey; fee title or mortgage insurance; title company endorsement, search and escrow charges; environmental, engineering or other Real Property inspections; reports and other costs of Real Property due diligence; and County, State, or other real property transfer, deed or documentary tax, flip tax, or other taxes imposed upon the sale due in connection with the transfer of the Real Property from the Debtor at Closing.

16. The Successful Bidder, the Second Highest Bidder, and Fannie Mae, acknowledge that they will be responsible for the completion of any ACRIS forms, if required. The Debtor shall not be required to execute any form of title affidavit (but may do so in its sole and absolute discretion) and all title exceptions customarily omitted from a title policy on account of such title affidavit shall be deemed permitted exceptions. The Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, acknowledges that it will be responsible for the preparation of all Closing documents required including, but not limited to, transfer tax forms.

17. The Successful Bidder, the Second Highest Bidder, and Fannie Mae, as the case may be, shall have demonstrated, to the sole satisfaction of the Debtor, Attorney or the Court, as the case may be, evidence of its ability to conclude the transaction upon these Terms of Sale, without delay. The Debtor or the Attorney reserves the right to reject any offeror, who in the sole discretion of the Debtor or the Attorney is not financially capable of consummating the purchase of the Real Property by giving such offeror three (3) business days' notice and returning within such time period any Deposit and Buyer's Premium posted by such offeror. **Expenses incurred by the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be, or any other competing bidder concerning any due diligence, such as obtaining title reports and other due diligence information, shall be the sole responsibility of such bidder, and under no circumstances shall the Debtor, the Attorney, the Broker or any of the Debtor's other retained professionals, or the Debtor's Estate be responsible for, or pay, such expenses.**

18. The Debtor or Attorney shall seek an order of the Bankruptcy Court (the "Sale Order") prior to the Closing authorizing the Sale. The Debtor or Attorney shall seek a further Order of the Bankruptcy Court to confirm the result of the Public Sale of the Real Property to the Successful Bidder, the Second Highest Bidder, or Fannie Mae.

19. In the event that the Successful Bidder for the Real Property or Fannie Mae, as the case may be, fails to tender the payment of the balance of the Purchase Price on or before the Closing Date, or otherwise perform any of its obligations under these Terms of Sale, the Debtor or Attorney, at their sole option and discretion, shall be authorized to sell the Real Property to the Second Highest Bidder, upon three (3) business days' notice to the defaulting bidder that such bid has been cancelled and to the Second Highest Bidder that such bidder is now the Successful Bidder and obligated to close, and without giving the Second Highest Bidder credit for the Deposit or the Buyer's Premium, which shall be forfeited by the Successful Bidder. Should the Second Highest Bidder fail to close on the Real Property, within such time as the parties may agree but not to

exceed thirty (30) days after notice from the Debtor or Attorney to the Second Highest Bidder of its obligations to Close, the Debtor or Attorney shall be authorized to sell the Real Property to the next highest or best bidder at the Public Sale, upon three (3) business days' notice to the Second Highest Bidder of such default and of forfeiture of the Deposit and Buyer's Premium and to the next highest bidder that such bidder is now the new Successful Bidder and obligated to close. The New Successful Bidder shall post the Buyer's Premium and 10% Deposit within ten (10) days of notice without giving such Successful Bidder any credit for any Deposit or Buyer's Premium previously given and close within 30 days after notice. All bidders who execute a copy of these Terms of Sale shall be bound to all terms and conditions contained herein.

20. The Real Property is being sold **"AS IS"**, **"WHERE IS"**, **"WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of any and all liens, claims, encumbrances, and other interests in the Real Property other than the interest held by the Debtor, or any adverse claims to title, of whatever kind or nature, and the Sale is subject to, among other things (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; all leases, approvals for ownership, and/or occupancies, if any, as may exist or encumber the Real Property or any portion(s) thereof; and (f) environmental conditions. By delivering their respective Qualifying Deposits, all bidders acknowledge that they have had the opportunity to review and inspect the Real Property, the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on their own independent investigations and inspections of the Real Property in making their bids. Neither the Debtor, nor the Attorney, Maltz, nor any of the Debtor's other retained professionals make any representations or warrantees, express or implied, with respect to the permissible uses of the Real Property. All bidders acknowledge that they have conducted their own due diligence in connection with the Real Property and are not relying on any information provided by the Debtor, Attorney, or the Debtor's other retained professionals. **The Real Property shall be delivered subject to any and all leases and occupancies at the time of closing.**

21. Each bidder hereby expressly agrees and acknowledges that neither the Debtor, nor the Attorney, the Broker, or any of the Debtor's other retained professionals has made any representations or warranties, express or implied, nor is such bidder relying on any statements or information provided by the Debtor, the Attorney, the Broker, or any of the Debtor's other retained professionals, including, but not limited to any representations, warranties, statements or information as to the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the Real Property or this Public Sale, which might be pertinent to the purchase of the Real Property, including, without limitation, (i) the current or future real estate or other tax liability, assessment or valuation of the Real Property or transfer thereof; (ii) the potential qualification of the Real Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (iii) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Real Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (iv) the current or future use of the Real Property; (v) the presence or absence of any laws, ordinances, rules or regulations issued by any

governmental authority, agency or board and any violations thereof; and (vi) whether any and all documents in the Debtor's possession that relate to the Loans are original documents with wet ink signatures. The Debtor is not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Real Property, made or furnished by the Debtor or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Debtor unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Attorney.

22.     The Debtor shall convey the Real Property by delivery of a quit claim deed. The quality of title shall be that which a reputable title insurance company doing business in the State of New York is willing to approve and insure. At the Attorney's option, it may arrange for the issuance of title insurance by such a company, if the Successful Bidder, the Second Highest Bidder, and/or Fannie Mae. is unable to so, at the sole cost and expense of the Successful Bidder, the Second Highest Bidder, or Fannie Mae, as the case may be.

23.     At Closing, the Deposit shall be disbursed by Leo Fox, Esq., as attorney and Escrow Agent, in accordance with these Terms and Conditions of Sale, to the Debtor or pursuant to the Stipulations between the Debtor and Fannie Mae, or, as otherwise ordered by the Bankruptcy Court. Any interest earned on the Deposit shall be paid together with the principal portion of the Deposit, it being understood and agreed that any interest earned on the Deposit posted by the Buyer closing on the sale shall be credited to the Purchase Price upon the Closing.

24.     Escrow Agent is acting hereunder without charge as an accommodation to Buyer and the Debtor, it being understood and agreed that Escrow Agent shall not be liable for any error in judgment or any act done or omitted by it in good faith or pursuant to court order, or for any mistake of fact or law. Escrow Agent shall not incur any liability in acting upon any document or instrument believed thereby to be genuine. Escrow Agent is hereby released and exculpated from all liability hereunder, except only for willful misconduct or gross negligence. Escrow Agent may assume that any person purporting to give it any notice on behalf of any party has been authorized to do so. Escrow Agent shall not be liable for, and Buyer and the Debtor hereby jointly and severally agree to indemnify Escrow Agent against, any loss, liability or expense, including reasonable attorney's fees (either paid to retained attorneys or representing the fair value of legal services rendered by Escrow Agent to itself), arising out of any dispute under this Agreement, including the cost and expense of defending itself against any claim arising hereunder.

25.     The Attorney, Maltz, the Debtor's other retained professionals, the Debtor, and the Debtor's Estate shall not be liable or responsible under any circumstances for the payment of fees of any broker or other agent. The only commissions that the Debtor's Estate may be liable for are those of theMaltz, which has been retained pursuant to an Order of the Bankruptcy Court, under the terms of the Bankruptcy Court's Order authorizing the retention of the Broker and any other Court Order providing for payment.

26.     The only commission that will be paid (in addition to Maltz) is to the Licensed Real Estate Broker, who registers the Successful Bidder in accordance with the Broker Participation Form and has received confirmation of receipt and acknowledgement of valid registration by Maltz

which commission shall be calculated based on the terms for retention of Maltz and as set forth in ¶ 6 of these terms and which shall be paid from the Buyer's Premium.

27.    Nothing contained in these Terms of Sale is intended to supersede or alter any provisions of the Bankruptcy Code, or otherwise interfere with the jurisdiction of the Bankruptcy Court. These Terms of Sale are subject to modification as may be directed by the Attorney or by the Bankruptcy Court. The Attorney reserves the right to modify these Terms of Sale, subject to the foregoing, to maintain consistency with the provisions of the Bankruptcy Code and/or Orders of the Bankruptcy Court.

28.    By tendering the Qualifying Deposit and executing these Terms of Sale, all bidders and Fannie Mae acknowledge that they have read all of the terms and conditions contained herein, and have agreed to be bound by the same. Moreover, all bidders who execute these Terms of Sale warrant and represent that they have the full power and authority to execute and deliver these Terms of Sale and to perform the obligations hereunder. These Terms of Sale constitute a valid and legally binding obligation of the bidder who executes them and is enforceable upon such bidder in accordance with these Terms of Sale.

29.    These Terms of Sale shall be binding upon, and inure to the benefit of the Parties hereto, and their respective successors, designees and/or permitted assigns. No Party hereto may assign either these Terms of Sale or any of the rights, interests or liabilities hereunder without the prior written approval of the other Party.

30.    Each of any bidder who tenders a Qualifying Deposit, Fannie Mae, and the Debtor will bear its own costs and expenses (including legal fees and expenses) incurred in connection with these Terms of Sale and the transaction contemplated hereby.

31.    By making a bid for the Real Property, all bidders and Fannie Mae will be deemed to have acknowledged having read and understood these Terms and Conditions of Sale and have agreed to be bound by them.

32.    The Debtor reserves its right in its sole and unfettered discretion to withdraw the Real Property from the Public Sale, either prior, or subsequent to the Public Sale, for any reason whatsoever, as it deems necessary or appropriate.

33.    The Public Sale of the Real Property is subject to confirmation by the Debtor.

34.    The Successful Bidder shall receive credit for unfunded security deposits, if any.

35.    The Successful Bidder shall be authorized and entitled to collect and retain past due rents, if any.

36.    The Debtor's Attorney shall notify the Successful Bidder whether the Public Sale is confirmed by the Bankruptcy Court. The Bankruptcy Court shall determine any disputes concerning the Public Sale of the Real Property. By participating in the Public Sale, all bidders

consent to the jurisdiction of the Bankruptcy Court to determine such disputes in and under the Debtor's pending case.

37.     No appraiser, auctioneer or officer, director, stockholder, agent, employee or insider of any appraiser, or relative of any of the foregoing, shall purchase directly or indirectly, or have a financial interest in the purchase of, any property of the Estate that the appraiser has been employed to appraise or sell, including, but not limited to the Real Property.

I have read these Terms of Sale and agree to be bound by them.

By: _____        Date: _____

## MEMORANDUM OF SALE – SUCCESSFUL BIDDER

High Bid Realized at Auction: _____

6% Buyer's Premium: _____

**Purchase Price:** _____

The undersigned purchaser has this ____ day of _____, 2022, agreed to purchase the Debtor's right, title and interest in and to the commercial real property located at, 422 East 161st Street, Bronx, New York 10451 known as County: Bronx, Block: 2382, Lot: 14 (collectively, the "Real Property") pursuant to the Terms and Conditions of Sale (the "Terms of Sale"), to which this Memorandum is attached and made a part thereof, from One and One Holdings LLC, (the "Debtor"), Chapter11 Debtor and Debtor in Possession for the bankruptcy estate (the "Estate") in Case No. 22-10400 (JLG), pending in the United States Bankruptcy Court for the Southern District of New York, and being sold by the Debtor for the highest or best offer as the Debtor in its sole discretion determines, subject to Bankruptcy Court approval, and hereby promises and agrees to comply with the terms and conditions of the Public Sale for the Real Property, as set forth in the annexed Terms of Sale.

| | |
|---|---|
| _____ | _____ |
| PURCHASER (Signature) | PURCHASER (Signature) |
| _____ | _____ |
| PRINT NAME OF PURCHASER | PRINT NAME OF PURCHASER |
| _____ | _____ |
| ADDRESS | ADDRESS |
| _____ | _____ |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| _____ | _____ |
| EMAIL | EMAIL |

Received from _____ the sum of $100,000.00 as a non-refundable deposit for the purchase of the Real Property pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale.

The Law Office of Leo Fox
Attorney for the Chapter 11 Debtor and Debtor in Possession, and as Escrow Agent
630 Third Avenue, 18th Floor, New York, NY 10017
Tel. 212-867-9595
leo@leofoxlaw.com

This is to verify that the offer for the above captioned property is for the sum of $_____.


_____
Maltz Auctions

**ATTORNEY INFORMATION**

Name: _____

Address: _____

_____

Phone: _____

<u>**MEMORANDUM OF SALE – SECOND HIGHEST BIDDER**</u>

Bid Realized at Auction: _____

6% Buyer's Premium: _____

**Purchase Price:** _____

The undersigned purchaser has this _____ day of _____, 2022, agreed to purchase the Debtor's right, title and interest in and to the commercial real property located at, 422 East 161st Street, Bronx, New York 10451, known as County: Bronx, Block: 2382, Lot: 14 (collectively, the "<u>Real Property</u>") pursuant to the Terms and Conditions of Sale (the "<u>Terms of Sale</u>"), to which this Memorandum is attached and made a part thereof, from One and One Holdings LLC (the "<u>Debtor</u>"), Chapter11 Debtor and Debtor in Possession for the bankruptcy estate (the "<u>Estate</u>") in Case No. 22-10444 (JLG), pending in the United States Bankruptcy Court for the Southern District of New York, and being sold by the Debtor for the highest or best offer as the Debtor in its sole discretion determines, subject to Bankruptcy Court approval, and hereby promises and agrees to comply with the terms and conditions of the Public Sale for the Real Property, as set forth in the annexed Terms of Sale.


_____          _____
PURCHASER (Signature)                    PURCHASER (Signature)


_____          _____
PRINT NAME OF PURCHASER                   PRINT NAME OF PURCHASER


_____          _____
ADDRESS                                  ADDRESS


_____          _____
TELEPHONE NUMBER                         TELEPHONE NUMBER


_____          _____
EMAIL                                    EMAIL

Received from _____ the sum of $100,000.00 as a non-refundable deposit for the purchase of the Property pursuant to the Terms of Sale, except to the extent as provided in the Terms of Sale.

The Law Office of Leo Fox
Attorney for the Chapter 11 Debtor and Debtor in Possession, and as Escrow Agent
630 Third Avenue, 18th Floor, New York, New York 10017
212-867-9595
leo@leofoxlaw.com

This is to verify that the offer for the above captioned property is for the sum of
$_____.

_____
Maltz Auctions

## **ATTORNEY INFORMATION**

Name: _____

Address: _____

_____

Phone: _____